# Martien *versus* Manheim.

Plaintiff sued defendant and three others, "partners trading as the Coaquannock, &c., Company, and also as Bevan & Wallace," for goods, &c.; defendant alone was served; he made an affidavit of defence that he was not a member of Bevan & Wallace who "purchased the goods;" that he was a member of the other firm who never authorized the purchase, and that plaintiff had charged Bevan & Wallace with the goods, and that firm was indebted to the other. *Held*, a sufficient defence.

February 1st 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* Of January Term 1874, No. 262½.

This was an action of assumpsit, brought November 12th 1873, by David Manheim against "William T. Martien, David R. Smith, Washington J. Bevan and John T. Wallace, co-partners, trading as the Coaquannock Smelting and Mining Company, and also as Bevan & Wallace."

The action was brought to recover on a book account, a copy of which was filed, also on a bill of exchange drawn by "Bevan & Wallace" on W. T. Martien, in favor of the plaintiff, at fifteen days sight, and protested for non-acceptance and non-payment; also on a very large number of orders of small amount drawn by "Bevan & Wallace," on the plaintiff, to be charged "to our account," and orders on Bevan & Wallace and accepted by them in favor of plaintiff. The writ was served on Martien and returned "Nihil" as to the other defendants.

Martien filed an affidavit of defence as follows:—

"That he has a legal defence to the whole claim sued on, of the

[Martien *v.* Manheim.]

nature following. That he never was, and is not·now, a member of the firm of Bevan & Wallace, which firm purchased the goods sued on in the copy filed. That he is a member of the firm trading as the Coaquannock Mining and Smelting Company, but said firm never authorized the purchase of the goods sued for. And deponent believes that said plaintiffs have charged the firm. of Bevan & Wallace with said goods, and that said firm is indebted to the firm of the Coaquannock Mining and Smelting Company. All of which deponent will prove in the trial of the case."

The court held the affidavit insufficient, and entered judgment for the plaintiff; the damages were assessed at $2022.

This was assigned for error on the removal of the record to the Supreme Court by the defendant.

*D. W. Sellers,* for plaintiff in error, cited Thompson *v.* Clark, 6 P. F. Smith 33 ; Youngman *v.* Walter, 23 Id. 134.

*J. W. Hunsicker,* for defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, May 8th 1876.

This suit was brought against four persons as co-partners, " trading as the Coaquannock Smelting and Mining Company, and also as Bevan & Wallace."

Thus it was averred that the two firms were composed of four persons, and that there was a joint liability of the firms and of all their members.

The claim filed was on original book entries (said to have been charged to the Mining and Smelting Company), and on a bill of exchange and numerous orders drawn by Bevan & Wallace.

In the affidavit put in by Martien, and held insufficient by the court below, he swears he has a legal defence to the whole claim, the particulars of which defence he gives substantially as follows : That he never was and is not now a member of the firm of Bevan & Wallace, which firm purchased the goods sued for ; that he is a member of the firm trading as the Mining and Smelting Company, but that firm never authorized the purchase of the goods.

Now we understand this to affirm that the goods were purchased by the firm of Bevan & Wallace, of which Martien was never a member. If he was not one of the firm, why is he liable for one of its contracts ? Admitting his membership of the other firm, he denies its liability, inasmuch as it never authorized the purchase of the goods. In other words, he affirms that he is a member of the firm that did not purchase the goods, and not a member of the one that did purchase.

The affidavit further avers, as matter of belief, that the defendant in error had charged the goods to the firm of Bevan & Wal-

[Martien *v.* Manheim.]

lace, but to negative any presumption that the Mining and Smelting Company was to pay for them, he avers that Bevan & Wallace are indebted to said firm. Martien affirms he will prove all of the facts averred on the trial of the case.

The plaintiff below claimed against two firms. In seeking to answer for each the affidavit has somewhat blended the defence. We think, however, it sufficiently avers grounds why there should not be a recovery of the claim against both firms, and against all of the individuals composing them. The learned judge therefore erred in entering judgment for want of a sufficient affidavit of defence.

Judgment reversed and a *procedendo* warded.